**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MARIA DEL PILAR GONZALEZ,
and others similarly situated,**

        **Plaintiff,**

**-vs-**                **Case No. 6:09-cv-573-Orl-28KRS**

**GO RELAX TRAVEL, LLC,**

         **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION AND PERMISSION TO SEND COURT SUPERVISED NOTICE ADVISING SIMILARLY SITUATED INDIVIDUALS OF THEIR OPT-IN RIGHTS PURSUANT TO 29 U.S.C. § 216(b) (Doc. No. 25)**
>
> **FILED:**   August 31, 2009

**I. PROCEDURAL HISTORY.**

   On March 31, 2009, Plaintiff Maria Del Pilar Gonzalez "and others similarly situated" filed a complaint against Defendant Go Relax Travel, LLC, alleging violations of the overtime compensation provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Doc. No. 1. On April 6, 2009, Gonzalez filed notices of consent to join signed by Claudia Gutierrez, Enrique

Maury, Ramon Maury, Daneyis Reyes, Esperanza Rodriguez, Oscar Rojas, and Raul Valencia. Doc. Nos. 6-2 through 6-8.[1] Gonzalez defined the group of similarly situated individuals as employees of Defendant "who currently hold or who held positions as a 'Travel Agent' to Defendant's customers during the three (3) year period of time preceding the filing of this action . . . ." Doc. No. 1 at 4. On April 21, 2009, Defendant answered the complaint. Doc. No. 10.

Thereafter, Gonzalez filed the instant motion seeking to proceed with this matter as a collective action pursuant to 29 U.S.C. § 216(b). Doc. No. 25. Gonzalez requests that the Court do the following: (1) conditionally certify the case as a collective action; (2) require Defendant to produce, within thirty days, the names and addresses of all sales agents who sold timeshare packages and were paid hourly wages and commissions within the three years prior to initiation of this suit; and (3) authorize Gonzalez to send notice to Defendant's employees and seek their consent to opt-in. Doc. No. 25 at 5. Gonzalez submitted a proposed notice and consent to join, and supported the motion with her affidavit and affidavits executed by two Opt-in Plaintiffs. Doc. Nos. 25-2, 25-3, 27-2, 30-2, 30-3. Defendant opposes the motion. Doc. No. 31.

## II. STANDARD OF REVIEW.

The certification of "collective" actions under the FLSA is governed by § 216(b), which provides, in relevant part, as follows:

> An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any

---

[1] Defendant's counsel attached to their response to the motion a document purportedly signed by Rojas in which he indicates he "desist[s] and retract[s] from any intended lawsuit . . . against the GO RELAX TRAVEL Company." Doc. No. 31-2.

such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

In *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208 (11th Cir. 2001), the United States Court of Appeals for the Eleventh Circuit recommended that district courts utilize a two-stage process to certify a collective action under the FLSA. The first step is the "notice stage," in which the district court makes a determination as to whether notice of the action should be given to potential collective class members. *Id.* at 1218. If the district court conditionally certifies the collective action, putative members are given notice and the opportunity to opt in. *Id.* The action then proceeds as a collective action through discovery and a second determination is usually made after a motion for decertification is filed by the defendant. At the second stage, the district court must determine if the plaintiffs are "similarly situated." *Id.* at 1217. If so, the action proceeds to trial as a collective action. If not, the district court "decertifies" the class, and the opt-in plaintiffs are dismissed without prejudice. The case proceeds on the individual claims of the original plaintiffs. *Id.* at 1218. "'[T]he decision to create an opt-in class under § 216(b) . . . remains soundly within the discretion of the district court.'" *Reed v. Mobile County Sch. Sys.*, 246 F. Supp. 2d 1227, 1230-31 (S.D. Ala. 2003) (quoting *Hipp*, 252 F.3d at 1219).

At the notice stage, "[p]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (internal quotations and citations omitted). "[P]laintiffs bear the burden of demonstrating a 'reasonable basis' for their claim of class-wide discrimination." *Id.* at 1097. "The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide

discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id.* (internal quotations and citations omitted).

While a plaintiff's burden is not heavy at this stage, it is not invisible. So, for example, one court has concluded that if a plaintiff provides an affidavit or consent to join the case by at least one other similarly situated individual, the court will ordinarily conditionally certify the collective action. *Guerra v. Big Johnson Concrete Pumping, Inc.*, No. 05-14237-CIV, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006) (finding a single affidavit from another individual than the named plaintiff was sufficient to establish "a minimum quantum of evidence to warrant the creation of a collective [action].").[2] However, "[t]he mere anticipation that others may want to join the lawsuit or the mere presence of a uniformly adverse compensation policy is insufficient by itself." *Id.*

**III. ANALYSIS.**

   *A.  Conditional Certification of a Collective Action.*

Gonzalez seeks conditional certification of a collective action at the first stage of the *Hipp* analysis in order to send notice to allegedly similarly situated employees advising them of their opt-in rights. She defines the similarly situated individuals as "all 'sales agents' who sold timeshare vacation packages and were paid commissions or an hourly wage if their commissions did not meet their set goal, employed by Defendant for the period beginning three years prior to the initiation of this suit to the present . . . ." Doc. No. 25 at 5. She submitted her own affidavit and affidavits of two

---

[2] *See also Tyler v. Payless Shoe Source, Inc.*, No. 2:05-CV-33F(WO), 2005 WL 3133763, at *3 (M.D. Ala. Nov. 23, 2005) (three to five consents to join were sufficient to establish that others desired to opt in).

Opt-in Plaintiffs, Enrique Maury and Ramon Maury. She asserts that these affidavits demonstrate there are other individuals who, if provided notice, may wish to join the case.

Gonzalez avers that she worked for Defendant as a sales agent selling timeshare vacation packages from October 2007 through October 2008. She was paid commission or an hourly wage if her commissions did not meet the set goal. She was not paid overtime compensation. Doc. No. 27-2 ¶¶ 4, 6. Enrique Maury avers that he worked for Defendant as a sales agent selling timeshares from February 2008 through June 2008. He was paid per hour plus commissions. He was not paid overtime compensation. Doc. No. 30-2 ¶¶ 4, 6. Ramon Maury avers that he worked for Defendant as a sales agent selling timeshares from June 2008 through October 2008. He was paid per hour plus commissions. He was not paid overtime compensation. Doc. No. 30-3 ¶¶ 4, 6.

Gonzalez, Enrique Maury and Ramon Maury aver that they and other sales agents were forced to work over forty hours per week without overtime compensation and that failure to work the overtime hours resulted in discipline and/or termination. Doc. No. 27-2 ¶¶ 7, 8; Doc. No. 30-2 ¶¶ 7, 8; Doc. No. 30-3 ¶¶ 7, 8. They aver that there are over 100 sales agents at Defendant's Orlando office. They are aware of other sales agents who have complained about Defendant's practices and expressed an interest (confidentially in fear of retaliation) in joining the lawsuit. Doc. No. 27-2 ¶¶ 9, 10; Doc. No. 30-2 ¶¶ 9, 10; Doc. No. 30-3 ¶¶ 9, 10. They do not aver how many of these sales agents sold timeshare vacations and were paid on commission or an hourly rate if the commission goal was not met but were not paid overtime compensation.

Defendant asserts that there is insufficient interest to join this action to support conditional certification as a collective action. Doc. No. 31. Defendant maintains that Opt-in Plaintiffs Rodriguez, Rojas, Ramon Maury, and Valencia have no standing to bring claims in this case because

none of them worked in excess of forty hours in any week during their employment. In support of this assertion, Defendant submitted verified time records for these individuals. Doc. No.31-3.

Based on verified time records, Defendant concedes that Maria Del Pilar Gonzalez, Gutierrez, Enrique Maury, and Daneyis Reyes worked more than forty hours during some work weeks. Doc. Nos. 31-3, 31-5. After the complaint in this case was filed, Philip Brewer, President of Defendant, avers that Defendant issued checks to "all present and former employees" of Defendant, including Gonzalez, Gutierrez, Enrique Maury and Reyes, for the full amount of overtime compensation due. Doc. No. 31-7. It does not appear that the amount tendered included any liquidated damages payment or any payment for attorney's fees and costs. There is no evidence that Defendant tendered an offer of judgment.

Counsel for Plaintiffs returned the checks payable to Gonzalez, Gutierrez, Enrique Maury and Reyes with a letter stating that no settlement had been reached and the amounts tendered "do not fully compensate my clients." Doc. No. 31-6. There is no evidence whether each Plaintiff concurred in counsel's rejection of the tendered payment to him or her.

"At this stage, the Court must rely only on the pleadings and affidavits and should not make any factual determinations or take into account any alleged defenses." *Sanchez v. Ocwen Loan Servicing, Inc.*, No. 6:06-cv-1811-Orl-28DAB, 2007 WL 809666, at *3 (M.D. Fla. Mar. 15, 2007) (adopting Report & Recommendation of Baker, M.J.). According to the affidavits submitted by Plaintiffs, there are other past and/or current employees who worked as sales agents selling timeshares for Defendant, who were paid hourly wages plus commissions, who worked over forty hours in a workweek, who were not paid for the overtime hours they worked, and who desire to join the action. Although Defendant avers that it tendered payment for any overtime compensation due, Plaintiffs

would also be entitled to contest whether these payments were sufficient to compensate them for all overtime hours worked and to assert a claim for liquidated damages, if supported by the facts. Thus, Gonzalez has submitted sufficient evidence to establish a reasonable basis to believe that there are similarly situated individuals who, if provided notice, may be interested in joining this action.

      *B.*      *Form of Notice and Consent to Join.*

Gonzalez submitted a proposed notice and consent to join with her motion. The Notification to Potential Class Members reflects that "[t]he decisions and agreements made and entered into by the Representative Plaintiff [Maria Del Pilar Gonzalez] will be binding on you if you join this lawsuit." Doc. No. 25-2. Similarly, the consent to join the case authorizes Maria Del Pilar Gonzalez to be the representative Plaintiff with authority "to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit." Doc. No. 25-3.

As the United States Court of Appeals for the Eleventh Circuit has observed, the collective action provision of the FLSA "is a fundamentally different creature than the Rule 23 class action. Even if the [FLSA] plaintiff can demonstrate that there are other plaintiffs 'similarly situated' to him, . . . he has no right to represent them." *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003). Accordingly, I recommend that the Court require the parties to formulate a new form of notice and consent to join that does not provide the named Plaintiff with authority to make decisions or resolve the case on behalf of Opt-in Plaintiffs.[3]

---

[3] Opt-in Plaintiffs would also not automatically be represented by counsel for Gonzalez. They may appear *pro se*, through separate counsel or may, if they wish, retain counsel for

*C. Order to Compel Defendant to Provide Names and Addresses of Similarly Situated Individuals.*

Defendant does not object to the request that it be required to produce the names and last known addresses of all sales agents who sold timeshare vacation packages and were paid commissions or an hourly wage if their commissions did not meet their set goal who were employed by Defendant for the period beginning three years prior to the initiation of this suit. Doc. No. 25 at 5. Courts have required employers to provide this information as part of the conditional certification of a collective action under the FLSA. *See, e.g., Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, Civil Action No. 7:08-cv-32(HL), 2008 WL 5115005, at *8 (M.D. Ga. Dec. 4, 2008). Accordingly, I recommend that the Court compel Defendant to produce by a date established by the Court the names and last known addresses of all sales agents who sold timeshare vacations and were paid commissions and hourly wages when the commission goals were not met who worked for Defendant from three years before the complaint was filed until the date of the Court's order on this Report and Recommendation.

## IV. RECOMMENDATION.

Based upon the foregoing, I respectfully recommend that the Court do the following:

1. **GRANT** Plaintiffs' Motion for Conditional Certification of Collective Action and Permission to Send Court Supervised Notice Advising Similarly Situated Individuals of Their Opt-in Rights Pursuant to 29 U.S.C. § 216(b), Doc. No. 25, and conditionally certify this case as a collective action;

2. **ORDER** Defendant to produce to Plaintiff, within thirty (30) days of the date of the Order, the names and last known addresses of all sales agents who sold timeshare

---

Gonzalez.

vacation packages and were paid commissions or an hourly wage if their commissions did not meet their set goal who worked for Defendant for the period beginning three years prior to the initiation of this suit to the present;

3. **REQUIRE** the parties to submit a revised form of notice to similarly situated employees and consent to join the collective action that does not authorize Maria Del Pilar Gonzalez to act as the representative of any Opt-in Plaintiff;

4. **AUTHORIZE** counsel for Plaintiff to distribute an approved form of notice and consent to join by a date established by the Court; and

5. **ORDER** counsel for Plaintiffs to file all consents to join with the Court within sixty (60) days after the date that the notice and consent to join are to be served.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 8, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy