MARIA DEL PILAR GONZALEZ,

                              Plaintiff,

-vs-                                                          Case No.  6:09-cv-573-Orl-28KRS

GO RELAX TRAVEL, LLC, and
PHIL BREWER

                              Defendants.
_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION FOR DISMISSAL WITH PREJUDICE (Doc. No. 163)** |
| **FILED:** | **December 6, 2011** |

Plaintiff Maria Del Pilar Gonzalez and sixteen other individuals filed consents to join this case.  Subsequently, four of the opt-in Plaintiffs were dismissed.  Doc. No. 161.  The remaining Plaintiffs and Defendants ask that the Court find approve their settlement agreement and dismiss the case with prejudice.

Plaintiffs alleged that Defendants Go Relax Travel, LLC. and Phil Brewer violated the overtime compensation provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Plaintiffs have agreed to settle the case for less than the amount of overtime compensation and liquidated damages they originally claimed to be owed.  *See* Doc. No. 163-1.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation

under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009),[1] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case in which a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

The parties indicate that they had a fundamental disagreement about whether each Plaintiff was an employee covered under the FLSA and the amount of overtime hours each Plaintiff worked. Plaintiffs are also aware that Defendant Go Relax Travel, LLC has ceased operations and closed and that Defendant Brewer is having significant financial issues. Because of the legal and factual disputes and concerns about collectability of any judgment obtained, Plaintiffs have agreed to compromise their claims. This adequately explains the reason for the compromise.

Under the settlement agreement, counsel for Plaintiffs will receive $10,000 for attorneys' fees and costs. When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351.

---

[1]The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

Counsel indicate that the amount of attorneys' fees and costs were discussed "[s]eparate and apart from the resolution of the Plaintiffs' claims." Doc. No. 163 at 3. Plaintiffs' counsel also filed a statement of the background and experience of individuals seeking fees, a time sheet showing the work performed, and evidence of the costs and expenses incurred. After deducting significant noncompensable clerical and administrative work by "br," I find that the lodestar attorneys' fees and taxable costs exceed $10,000. Therefore, the attorneys' and fees and costs under the settlement agreement are not unreasonable and there is no reason to conclude that the payment to counsel tainted the amount that any Plaintiff agreed to accept under the settlement agreement.

The Court need not approve the settlement agreement or reserve jurisdiction to enforce it. I note that the settlement agreement in this case contains a confidentiality provision that is unenforceable, at least in part, because of the public filing of the settlement agreement. *See* Doc. No. 163-1 at 4. Therefore, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

## RECOMMENDATION.

For the reasons stated herein, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1. **GRANT in part** the Joint Motion for Approval of Settlement and Stipulation for Dismissal with Prejudice (Doc. No. 163);

2. **FIND** that the settlement agreement is a fair and reasonable settlement of a bona fide dispute under the FLSA;

3. **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

4. **PROHIBIT** counsel from withholding any part of the $10,000 payable to Plaintiffs under the settlement agreement pursuant to a contingent fee agreement or otherwise;

5.      **REQUIRE** counsel for Plaintiffs to provide each Plaintiff with a copy of the Order on this Report and Recommendation;

6.      **DISMISS** the case with prejudice; and,

7.      **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 9, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy